UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANETTE SOLIS ZUPPARDO | CIVIL ACTION |
| VERSUS | NO. 17-7824 |
| THE UNITED STATES OF AMERICA | SECTION: M (5) |

## ORDER & REASONS

Before the Court is a motion for summary judgment, or alternatively motion *in limine* to exclude expert witness testimony, motion to limit the *ad damnum*, and motion to strike the jury demand filed by defendant the United States of America (the "United States"),[1] to which plaintiff Janette Solis Zuppardo ("Zuppardo") responds in opposition,[2] and in further support of which the United States replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This matter concerns a slip and fall in a United States Post Office ("USPO"). Zuppardo alleges that on March 15, 2014, when entering the USPO in Hammond, Louisiana, she slipped in a puddle of water and fell.[4] She alleges that she sustained injuries to her back and legs that have required treatment and resulted in pain and loss of function.[5] Zuppardo pursued administrative remedies and her claim was denied on February 15, 2017.[6] Zuppardo filed this action under the Federal Tort Claims Act ("FTCA") alleging that the USPO employees were negligent for failing to clean the water off of the floor.[7]

---

[1] R. Doc. 17.
[2] R. Doc. 24.
[3] R. Doc. 32.
[4] R. Doc. 5 at 3.
[5] *Id.* at 4.
[6] *Id.*
[7] *Id.* at 1-3.

## II. PENDING MOTION

The United States filed the instant motion for summary judgment arguing that Zuppardo cannot prove that a USPO employee had actual or constructive knowledge of the water on the floor on the date of the accident.[8] In support of the motion, the United States submitted affidavits from two USPO employees who were working at the counter at the time of the accident, and a written statement of a third USPO employee who was also working at the counter.[9] All three USPO employees remembered that it was raining on the day of the accident, but none of them saw water on the floor prior to Zuppardo's accident.[10] The United States also submitted the affidavit of Postmaster Richard Palisi ("Palisi"), who stated that he does not remember any similar accidents in the last six years at the Hammond USPO.[11] Further, Tara D. Lennis ("Lennis"), the United States Postal Service Louisiana District Tort Claim Coordinator, submitted an affidavit in which she states that there have been no reports of similar accidents at the Hammond USPO in the ten years prior to Zuppardo's fall.[12] Thus, the United States argues that Zuppardo has not proved that an USPO employee had actual or constructive notice of the alleged dangerous condition, *i.e.*, the water on the floor.[13]

Zuppardo argues that she has submitted enough evidence to overcome summary judgment.[14] Zuppardo claims that USPO employee Juan Williams ("Williams") testified at his deposition that he knew the floor was wet before her accident.[15] Zuppardo also claims that Williams testified that he knows that it is wet inside the door when it rains and had witnessed

---

[8] R. Doc. 17-1 at 2-8.
[9] R. Docs. 17-2 to 17-4.
[10] *Id.*
[11] R. Doc. 17-5.
[12] R. Doc. 17-6.
[13] R. Doc. 17-1 at 2-8. The United States also made arguments about excluding Zuppardo's expert witnesses, limiting the *ad damnum*, and striking the jury demand. R. Doc. 17-1 at 8-16. It is unnecessary to discuss these arguments because the Court finds that the United States is entitled to summary judgment on Zuppardo's claims.
[14] R. Doc. 24 at 2-3.
[15] *Id.* at 2.

similar accidents in the past.[16] Zuppardo also contends that Palisi had constructive knowledge of the wet floor because he testified at his deposition that it is inevitable that the floor will be wet near the front door when it rains.[17] In sum, Zuppardo argues that she has shown that an USPO employee had actual and constructive knowledge of the wet floor.[18]

## III. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

[16] *Id.*
[17] *Id.* at 3.
[18] *Id.*

(1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Slip and Fall Under Louisiana Law

The FTCA is a limited waiver of the United States government's sovereign immunity. *Coleman v. United States*, 2019 WL 126043, at *9 (5th Cir. Jan. 8, 2019) (quoting 28 U.S.C. § 1346(b)(1)). Specifically, the FTCA provides a waiver of sovereign immunity for "civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death *caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (emphasis added). "[T]he 'law of the place' means law of the State – the source of substantive liability under the FTCA." *Coleman*, 2019 WL 126043, at *9 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)).

Under Louisiana law:

> [I]n order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation.

*Scanlan v. United States*, 2015 WL 5836056, at *2 (W.D. La. Oct. 5, 2015) (quoting *Chambers v. Village of Moreauville,* 85 So. 3d 593, 597 (La. 2012)).

In this case, Zuppardo has not cited any facts that establish the third or fourth elements to establish liability under Louisiana law. Although Zuppardo claims that Williams testified that he knew there was water on the floor before her accident, his testimony actually establishes that he did not know that the water was there until after Zuppardo fell.[19] Williams was the USPO employee who helped Zuppardo after she fell.[20] At his deposition, Williams was asked: "On the morning that Ms. Zuppardo slipped, did you observe water on the floor?"[21] Williams answered:

---

[19] R. Doc. 24-2 at 4.
[20] *Id.* at 4.
[21] *Id.*

5

"At the time I observed water on the floor."[22] A few questions later, Williams stated that he "wasn't really staring at the floor," and was not checking anything because nobody else had fallen that morning.[23] These statements are consistent with his declaration where he stated that he "did not know that the floor was damp until after Mrs. Zuppardo fell."[24] Further, the two other USPO employees on duty did not know that the floor was wet before Zuppardo fell.[25] Thus, Zuppardo has not established that an USPO employee had actual knowledge of a dangerous condition.

Further, Zuppardo has not established that an USPO employee had constructive knowledge of a dangerous condition. "Constructive knowledge may be shown by facts demonstrating that a defect or condition existed for such a period of time that it would have been discovered and repaired had the public body exercised reasonable care." *Kouba v. City of Natchitoches*, 2018 WL 5840292 (La. App. Nov. 7, 2018) (citing *Fisher v. Catahoula Parish Police Jury*, 165 So. 3d 321 (La. App. 2015)). The three USPO employees on duty all stated that it was raining on the day of the accident.[26] However, there is no evidence in the record establishing how long there was standing water on the floor before the accident, much less that it was there for a sufficient length of time that it should have been discovered prior to the accident as would have permitted corrective action to be taken. Indeed, Williams testified that Zuppardo was the only person he saw slip that day.[27] This statement supports the notion that the USPO employees did not have constructive notice of the wet floor on the day of the accident.

Moreover, whether the floor would sometimes get wet on prior occasions does not establish constructive notice that the floor was wet on the day in question. The FTCA's limited waiver of sovereign immunity requires that the accident in question be "*caused by the negligent*

---

[22] *Id.*
[23] *Id.*
[24] R. Doc. 17-2 at 2.
[25] R. Docs. 17-3 & 17-4.
[26] R. Docs. 17-2 to 17-4.
[27] R. Doc. 24-2 at 4.

6

*or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment … .*" 28 U.S.C. § 1346 (emphasis added). Thus, the FTCA precludes claims based upon strict premises liability. *Scanlan*, 2015 WL 5836056, at *2 (citing 28 U.S.C. § 1346(b)(1); *Laird v. Nelms,* 406 U.S. 797, 798-99 (1972)). Additionally, Louisiana abolished strict liability for defective things in 1996. *Id.* (citing 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW §§ 19.1, 19.2 (2d ed. 1996); *Laysone v. Kansas City Southern R.R.,* 786 So. 2d 682, 689 n.9 (La. 2001)). In sum, for the United States to be liable under the FTCA, there must be evidence that a government employee committed a negligent or wrongful act or omission that caused the accident.

Zuppardo has not shown that an USPO employee had constructive knowledge of the alleged defective condition and committed a negligent or wrongful act that caused her accident. The uncontroverted affidavits of Palisi and Lennis establish that there have been no similar accidents at the Hammond USPO in at least the six years prior to Zuppardo's fall, even if the floor would get wet on occasion. Further, although Williams testified that he has seen people trip by the front door on prior occasions, he stated that some of those people tripped over the carpet and nobody else tripped on the day of the accident.[28] Thus, there is nothing in this record to establish that an UPSO employee had constructive notice of a defective condition on the day of the accident and was negligent for failing to correct it. Therefore, the United States has carried its burden of pointing to an absence of evidence establishing a *prima facie* case, and summary judgment in favor of the United States is warranted.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that the United States' motion for summary judgment is GRANTED, and Zuppardo's claims are DISMISSED WITH PREJUDICE.

---

[28] R. Doc. 24-2 at 4.

New Orleans, Louisiana, this 31st day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE